UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ERROL RICHARD DODD,**

    **Plaintiff,**

v.                                                                                     Case No: 5:19-cv-357-Oc-CEMPRL

**STATE OF FLORIDA,**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff, who is proceeding *pro se*, has filed a complaint against the State of Florida Child Support Program attempting to assert various constitutional claims relating to the suspension of his driver's license. (Doc. 1).[2] Plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. 2). By prior order, the Court conducted a frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and granted Plaintiff until September 9, 2019 to file an amended complaint. (Doc. 7). Plaintiff has failed to file an amended complaint, and the time for doing so has expired. For the following reasons, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) should be denied and the complaint (Doc. 1) should be dismissed.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However,

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] In Florida, the Child Support Program is a part of the Florida Department of Revenue. *Child Support*, FLA. DEP'T OF REVENUE, https://floridarevenue.com/childsupport.

before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

As the Court previously explained, Plaintiff's complaint does not meet the pleading requirements set forth in in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim, as required by Rule 8, and it does not delineate the alleged causes of action into counts or another organized manner as required by Rule 9. Most importantly, Plaintiff did not allege any facts to support his claim that Defendant acted in violation of law. Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Additionally, despite the lack of fact allegations, the Court presumes that Plaintiff is challenging state child support proceedings that resulted in the suspension of his driver's license. Such a claim would likely be barred by the *Rooker-Feldman* doctrine which precludes lower federal courts from reviewing final state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Brown v. Coffin*, 766 F. App'x 929, 931 (11th Cir. 2019) (applying the *Rooker-Feldman* doctrine to the review of a state court child support proceeding).

Finally, Plaintiff did not provide any basis to support filing this action in the Middle District of Florida. "A civil action may be brought in— (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial

district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Here, Plaintiff does not allege that the Defendant resides in the Middle District or that any events relating to the action occurred here.

For the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) be **DENIED**, and the Complaint (Doc. 1) be **DISMISSED**.

**DONE and ENTERED** in Ocala, Florida on September 13, 2019.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy